O

FILED
CLERK, U.S.D.C. SOUTHERN DIVISION

FEB 18 2009

CENTRAL DISTRICT OF CALIFORNIA
BY                           DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ESTELA RUIZ, | ) | Case No. EDCV 08-524 RNB |
| Plaintiff, | ) | |
| vs. | ) | ORDER AFFIRMING DECISION OF COMMISSIONER |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) | |
| Defendant. | ) | |

The Court now rules as follows with respect to the three disputed issues listed in the Joint Stipulation.[1]

With respect to Disputed Issue No. 1, for the reasons stated by the Commissioner (see Jt Stip at 4-6), the Court finds that reversal is not warranted based on the alleged failure of the Administrative Law Judge ("ALJ") to properly consider the "opinion of disability" that is reflected in the three-page questionnaire found at AR

---

[1]   As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the Administrative Record ("AR"), and the Joint Stipulation ("Jt Stip") filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

1

309-11. Plaintiff's contention that this questionnaire constituted the opinion of a treating physician is unsubstantiated by the record before the Court.[2]

With respect to Disputed Issue No. 2, the Court preliminarily notes that, contrary to plaintiff's characterization (see Jt Stip at 8), the ALJ did not find that plaintiff had the residual functional capacity ("RFC") to perform her past relevant work. (See AR 46). Further, the Court finds that reversal is not warranted based on the ALJ's alleged failure to properly consider plaintiff's testimony and specifically her testimony regarding her supposed need for a cane. The Court concurs with the Commissioner that the ALJ's rejection of plaintiff's testimony regarding her supposed need for a cane can reasonably be inferred from the ALJ's finding that the "prescribed use of the cane is not documented in the file" (see AR 45) and from the ALJ's failure to include the need for an assistive device in his RFC assessment (see AR 43).[3] See

---

[2] Even if this questionnaire could properly be characterized as the "opinion of a treating physician," the Court finds that the ALJ's failure to discuss it and state reasons for rejecting it was harmless error since the "opinion of disability" reflected in the questionnaire was (a) conclusory and not supported by any clinical findings, and (b) contradicted by the opinions of plaintiff's other treating physicians regarding her limitations that the ALJ adopted. See also, e.g., Batson v. Commissioner of Social Security Administration, 359 F.3d 1190, 1195 (9th Cir. 2004) (noting that "an ALJ may discredit treating physicians' opinions that are conclusory, brief, and unsupported by the record as a whole, . . . or by objective medical findings"); Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002) ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings."); Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001) ("When confronted with conflicting medical opinions, an ALJ need not accept a treating physician's opinion that is conclusory and brief and unsupported by clinical findings."); Crane v. Shalala, 76 F.3d 251, 253 (9th Cir. 1996) (holding that an ALJ may reject check-off forms that do not contain an explanation of the bases for their conclusions).

[3] As the Commissioner also points out, even the mystery author of the questionnaire that plaintiff maintains constituted the opinion of her treating physician

2

Magallanes v. Bowen, 881 F.2d 747, 755 (9th Cir. 1989) (ALJ need not "recite the magic words, 'I reject,'" for the reviewing court to draw the inference from the ALJ's decision that the ALJ rejected particular evidence). To the extent that plaintiff implicitly is contending in her reply (see Jt Stip at 10) that the findings made by the ALJ in support of his adverse credibility determination were not sufficiently specific to permit the Court to conclude that the ALJ did not arbitrarily discredit plaintiff's testimony (including her testimony regarding her supposed need for a cane),[4] the Court disagrees. Rather, the Court finds that the ALJ did provide reasons in support of his adverse credibility determination (see AR 44-45) that were specific, clearly stated, convincing, and supported by substantial evidence, namely: inconsistencies between plaintiff's testimony and the ALJ's observations of plaintiff at the administrative hearing; the fact that plaintiff was not currently in any treatment or taking any prescribed medication; the fact that plaintiff was given a work release that she could return to work duties as early as two days after her fall; the fact that the physical limitations found by the ALJ were consistent with the recommended limitations of plaintiff's treating physician; the fact that plaintiff's claimed limitations were inconsistent with the objective evidence; the affirmative evidence in the record of "symptom magnification and embellishment" by plaintiff and the fact that plaintiff had exhibited positive Waddell signs; and the fact that the prescribed use of a cane was not documented in the file and there was no record of emergency treatment for any recent trip and fall. See, e.g., Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005) (ALJ may properly rely on inconsistency between claimant's subjective complaints and objective medical findings, and lack of consistent treatment); Thomas,

---

indicated that plaintiff did not need an assistive device for ambulation. (See AR 311).

[4] See, e.g., Tommasetti v. Astrue, 533 F.3d 1035, 1039 (9th Cir. 2008); Moise v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004); Thomas v. Barnhart, 278 F.3d at 958; Bunnell v. Sullivan, 947 F.2d 341, 345-46 (9th Cir. 1991).

278 F.3d at 959 (ALJ may properly consider inter alia "'testimony from physicians . . . concerning the nature, severity, and effect of the symptoms of which [claimant] complains'"); Osenbrock v. Apfel, 240 F.3d 1157, 1166 (9th Cir. 2001) (ALJ may properly rely on fact that physical examination revealed positive Waddell signs); Verduzco v. Apfel, 188 F.3d 1087, 1090 (9th Cir. 1999) (ALJ may properly rely on fact that none of the claimant's doctors had ever indicated that he used or needed to use an assistive device in order to walk); Morgan v. Comm'r of Soc. Sec., 169 F.3d 595, 600 (9th Cir. 1999) (ALJ may properly consider conflict between claimant's testimony of subjective complaints and objective medical evidence in the record); Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995) (ALJ may properly rely on inconsistencies in the claimant's testimony); Orteza v. Shalala, 50 F.3d 748, 750 (9th Cir. 1995) (ALJ may properly rely on lack of objective evidence to support claimant's subjective complaints, inconsistencies in plaintiff's testimony, and failure to pursue treatment); Drouin v. Sullivan, 966 F.2d 1255, 1259 (9th Cir. 1992) (ALJ may properly rely on his own observations at the administrative hearing as one factor in support of an adverse credibility determination); Fair v. Bowen, 885 F.2d 597, 603-04 (9th Cir. 1989) (ALJ may properly rely on the unexplained or inadequately explained failure to seek treatment). As the Ninth Circuit observed in Fair, 885 F.2d at 604, "Where, as here, the ALJ has made specific findings justifying a decision to disbelieve an allegation of excess pain, and those findings are supported by substantial evidence in the record, our role is not to second-guess that decision."

As to Disputed Issue No. 3, the Court's finding with respect to Disputed Issue No. 1 is dispositive of plaintiff's contention that the ALJ did not pose a complete hypothetical question to the vocational expert. Hypothetical questions posed to a vocational expert need not include all alleged limitations, but rather only those limitations substantiated by the evidence of record that the ALJ finds to exist. See, e.g., Osenbrock, 240 F.3d at 1164-65; Magallanes, 881 F.2d at 756-57; Copeland v. Bowen, 861 F.2d 536, 540 (9th Cir. 1988); Martinez v. Heckler, 807 F.2d 771, 773-74

4

(9th Cir. 1986). Here, the hypothetical posed to the vocational expert did comport with the limitations substantiated by the evidence of record that the ALJ found to exist. (Compare AR 25-26 with AR 43).

*******************

IT THEREFORE IS ORDERED that Judgment be entered affirming the decision of the Commissioner and dismissing this action with prejudice.

DATED: February 17, 2009

_____
ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE